**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50232 |
| Plaintiff-Appellee, | D.C. Nos.<br>2:21-cr-00066-FLA-2<br>2:21-cr-00066-FLA |
| v. | |
| TONY CARR, AKA Tony Carnell, AKA<br>Tony Coronel Carr, AKA T-Bone, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted May 15, 2024[**]
Pasadena, California

Before: GOULD, N.R. SMITH, and MENDOZA, Circuit Judges.

Tony Carr appeals his 188-month sentence arising from his involvement in a

conspiracy to manufacture, distribute, and possess with intent to distribute crack

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

cocaine.[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm the district court's sentence.[2]

Carr does not argue that the district court improperly calculated the Sentencing Guidelines range. Instead, Carr first argues that the district court imposed a substantively unreasonable sentence, because the district court did not consider his mitigating factors, including his age and difficult background. Carr next argues that the district court imposed a substantially unreasonable sentence, because there were unwarranted sentence disparities between him and similarly situated defendants. Specifically, Carr argues that, after he was sentenced, the United States Attorney General issued a memorandum (the Memorandum) changing how federal prosecutors should treat crack cocaine convictions, and defendants sentenced after him benefitted from this policy change by receiving lower sentences for similar conduct.

1. The record reflects that the district court considered the 18 U.S.C. § 3553(a)(1) factors. Notably, the district court acknowledged Carr's "challenging

---

[1] The government conceded that Carr's plea agreement did not preclude him from appealing the district court's imposition of a sentence based upon an offense level 32, because Carr's plea agreement limited his waiver of appeal of sentence if Carr was sentenced within the range of an offense level 21. Accordingly, we do not address this issue on appeal.

[2] Carr's motion to file further excerpts of record under seal (Dkt. 40) is granted.

circumstances" and weighed those circumstances with the other § 3553(a) factors. The district court then imposed a sentence at the low end of the Guidelines range. On appeal, Carr does not present any new arguments or explain why the district court's imposition of the 188-month sentence was an abuse of discretion. Instead, Carr "simply reargues the leniency argument[s] he made before the district court." *United States v. Overton*, 573 F.3d 679, 700 (9th Cir. 2009). The district court's refusal to impose a lower sentence is not an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

2. The record reflects that the district court considered any possible sentencing disparity under 18 U.S.C. § 3553(a)(6). During Carr's sentencing hearing, the district court and counsel discussed the status of legislation regarding crack cocaine sentences.[3] However, the government did not request and the district court did not make any adjustments to Carr's sentence in light of the pending legislation. The district court stated that it was sentencing Carr consistent with the sentences of defendants with similar criminal records who had been previously convicted of similar crimes.

---

[3] At that time, the Eliminating a Quantifiably Unjust Application of the Law Act ("EQUAL Act") was pending before Congress. The Act, which has not been passed, aims to eliminate the sentencing disparity between the amount of crack cocaine and powder cocaine that triggers a mandatory sentence.

Two months after Carr's sentence, the Attorney General issued the Memorandum, which provided guidance for federal prosecutors regarding charging and sentencing decisions, including crack-to-powder sentencing disparities. The Memorandum instructed prosecutors to "advocate for a sentence consistent with the Guidelines for powder cocaine, rather than crack cocaine" and "generally support a variance" to the Guidelines range that would apply to the comparable quantity of powder cocaine. Following this policy change, Carr's co-defendants pleaded guilty. In each of Carr's co-defendants' sentencing hearings, the district court and the government were cognizant that Carr did not benefit from the policy change. To address this issue, the district court declined to apply a Guidelines range for powder cocaine to Carr's co-defendants. However, the district court did accept the government's requested variances. Carr argues that these variances resulted in him receiving an unreasonable sentence, because his sentence was disparate from similarly situated defendants.

The disparity of sentences for powder cocaine and crack cocaine has been recognized for years. *See Kimbrough v. United States*, 552 U.S. 85, 109 (2007). However, this disparity does not result in an unreasonable sentence. Congress has mandated different punishments for these drug offenses, and this court has recognized that if "the Guidelines range was correctly calculated, the district court

was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity.'" *United States v. Treadwell*, 593 F.3d 990, 1011 (9th Cir. 2010), *overruled on other grounds by United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020). Although Carr argues that his sentence is disparate from other defendants nationwide, he only presented evidence of the sentences that his co-defendants received.

On this record, we cannot say that the district court abused its discretion in imposing a 188-month sentence. First, the Memorandum does not reflect a change in the law but rather a change in internal policies, which does not confer "a substantive or procedural right or benefit, enforceable at law." Second, Carr was not similarly situated to his co-defendants. Carr was a large player in the conspiracy. Although Carr and the leader of the conspiracy were closer in their level of involvement, Carr's criminal history level was V, compared to the leader's criminal history level of III. Therefore, Carr did not present clear evidence that his sentence was disparate from similarly situated defendants with similar records. Third, the prosecutorial discretion to request variances or Guidelines reductions does not make Carr's 188-month sentence unreasonable. *See United States v. Banuelos-Rodriguez*, 215 F.3d 969, 974 (9th Cir. 2000) (en banc) (explaining that "the Guidelines have sought to achieve uniformity in sentencing only by

5

attempting to equalize the sentences of those who have engaged in similar criminal conduct, have similar criminal backgrounds, and have been convicted of the same offense"); *see id.* at 975–76 (noting that "a review of the legislative history suggests that the disparity that Congress sought to eliminate did not stem from the exercise of prosecutorial discretion"). Finally, "sentencing disparity is only one factor a court considers in crafting an individualized sentence under § 3553(a)." *Treadwell*, 593 F.3d at 1012.

Thus, even though Carr's co-defendants and other defendants may have benefitted from the policy changes in the Memorandum, Carr has not established that the district court abused its discretion in sentencing him to 188 months when, at the time Carr was sentenced, the Memorandum did not exist. Accordingly, the sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Carr's criminal history and the seriousness of his offense. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**